BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| In re: American Medical Collection Agency, Inc., Customer Data Security Breach Litigation | MDL No. 2904 |

**RESPONSE OF PLAINTIFF PAULA WORTHEY IN PARTIAL OPPOSITION TO MOTION OF PLAINTIFFS JORGE M. FERNANDEZ, JR. AND HECTOR J. VALDES FOR TRANSFER TO AND CONSOLIDATION OR COORDINATION OF RELATED ACTIONS IN THE DISTRICT OF NEW JERSEY**

Plaintiff Paula Worthey ("Worthey") respectfully submits this partial opposition to the motion to consolidate and transfer by Plaintiffs Fernandez and Valdes (Dkt. 5; the "Fernandez Motion"). Worthey supports transfer and consolidation of all actions in a single transferee forum—as argued in her motion to consolidate and transfer (Dkt. 1; the "Worthey Motion")—but Worthey contends that the White Plains Division of the Southern District of New York ("SDNY White Plains") is the most appropriate transferee forum for all related actions.

**I.  BACKGROUND**

Since the filing of the Worthey Motion, 31 actions (the "Related Actions") have been filed and related before the Panel in this proceeding. There appears to be agreement among the parties that the actions are appropriate for MDL centralization. However, not all parties agree on the appropriate transferee forum. Worthey respectfully contends that the Panel should grant her Motion and transfer the Related Actions to SDNY White Plains for consolidated MDL proceedings.

Regardless of which defendants are named in each Action, all of the Related Actions share at least one common event: over 20 million patient records from laboratories across the nation, which included sensitive medical, financial, and personal information, were exposed in a data breach on the servers of American Medical Collection Agency ("AMCA") at its Elmsford, New

York headquarters (the "Breach"). The Breach went undetected for over eight months. The compromised records were being stored in AMCA's systems as a result of collections actions it was undertaking against patients pursuant to its contracts with various medical laboratories. To date, it has been confirmed that patient data from the following laboratories was exposed in the Breach: BioReference, CareCentrix, Conduent, LabCorp, Optum360, Quest Diagnostics, and Sunrise Medical (collectively, the "Laboratories").

The Related Actions allege that both AMCA and all of the Laboratories breached their respective duties to safeguard the patient information. Plaintiffs seek monetary as well as injunctive relief that would properly notify the affected victims, retrieve the exposed information from AMCA, and secure defendants' records.

Since the Breach became public, the government launched multiple investigations into AMCA and the Laboratories. After the first of the Related Actions was filed, AMCA's parent company, Retrieval-Masters Creditors Bureau ("RMCB"), also based in Elmsford, New York, filed a petition for Chapter 11 bankruptcy in the White Plains Division of the United States Bankruptcy Court for SDNY. The case, *In the Matter of: Retrieval-Masters Creditors Bureau, Inc.*, No. 19-23185-RDD (Bankr. S.D.N.Y.) ("*In the Matter of RMCB*"), has been assigned to the Honorable Robert D. Drain.

At the initial hearing before Judge Drain on June 21, 2019, Clark Russell, Deputy Bureau Chief of the New York Attorney General's Bureau of Internet and Technology (whose office is located in New York City), appeared telephonically on behalf of twelve state attorneys general who are investigating the Breach. *In the Matter of RMCB*, June 21, 2019 Transcript, attached as Exhibit 1, at 35:9-17. Attorneys appeared for three of the affected non-debtor defendants—Quest Diagnostics, Optum360, and LabCorp. Some of these attorneys indicated that their clients required

discovery from AMCA through the bankruptcy action to secure the affected data and identify the patients in need of notice. *See id.* at 39:5-25 ("[T]here are certain aspects of getting the data in proper order . . . so that the [breach] notices can go out timely. . . . There were some inconsistencies in the data."); *id.* at 45:11-12 ("this is about data security from our perspective"). The interests of the Laboratories and of the class members' request for injunctive relief appear to be aligned in this regard.

The vast majority of the non-debtor Laboratory defendants have principal places of business that are only a short drive away from the SDNY White Plains courthouse. Five of the seven Laboratories are headquartered within the New York tri-state area. The Laboratory with reportedly the most patients impacted is Quest Diagnostics (11.9 million), which is headquartered in Secaucus, New Jersey — located only 30 miles from White Plains, New York. BioReference (422,000 patients) and CareCentrix (500,000 patients) are respectively headquartered in Elmwood Park, New Jersey and Hartford, Connecticut, both very close to White Plains. Sunrise Medical and Conduent Labs, whose numbers of affected patients have not been confirmed, are headquartered in Hicksville, New York and Florham Park, New Jersey, respectively, also very close to White Plains. LabCorp, with 7.7 million patients reportedly affected, is headquartered in Burlington, North Carolina. Optum360 (patient numbers unconfirmed) is headquartered in Eden Prairie, Minnesota.

As of the date of this filing, nine of the Related Actions have been filed in SDNY White Plains, with five assigned to the Honorable Nelson S. Román (including the first-filed *Worthey*), three assigned to the Honorable Vincent L. Briccetti, and one assigned to the Honorable Kenneth M. Karas. Nine Related Actions were filed in the District of New Jersey, where Quest Diagnostics is headquartered. Five Related Actions have been filed in California (three in the Central District

and one each in the Northern and Southern Districts); three have been filed in the Middle District of North Carolina; two have been filed in the District of Kansas; and one each has been filed in the Northern District of Illinois, the Western District of Pennsylvania, and the District of Minnesota.

Plaintiff Worthey respectfully submits that all of the Related Actions should be consolidated into one MDL before Judge Román or Judge Briccetti in SDNY White Plains.

## II.  ARGUMENT

In choosing an appropriate transferee forum, this Panel considers:

(1) where the largest number of cases is pending;

(2) where discovery has occurred;

(3) where cases have progressed furthest;

(4) the site of the occurrence of the common facts;

(5) where the cost and inconvenience will be minimized; and

(6) the experience, skill, and caseloads of available judges.

*Manual for Complex Litigation*, § 20.132 (4th ed. 2004). These factors weigh heavily in favor of centralization in SDNY White Plains, where nine of the 31 Related Actions are pending—more than any other District except New Jersey, which also has nine.

The most important transfer factor here, the site of the occurrence of the common facts, points to SDNY White Plains. The Breach itself occurred at AMCA, which is located in Elmsford, within the jurisdiction of SDNY White Plains. Plaintiffs will require discovery from AMCA with respect to each of the Laboratory defendants, and the Laboratory defendants will require discovery from AMCA for likely cross-claims and third-party claims. Common discovery of AMCA will be coordinated under the auspices of the SDNY White Plains Bankruptcy court. Time and again, the

4

Panel has centralized related actions in districts where related bankruptcies are pending, recognizing the resulting efficiencies. *See, e.g.*, *In re New England Compounding Pharmacy, Inc., Prod. Liab. Litig.*, 924 F. Supp. 2d 1380, 1381 (J.P.M.L. 2013); *In re: MF Glob. Holdings Ltd. Inv. Litig.*, 857 F. Supp. 2d 1378, 1380–81 (J.P.M.L. 2012); *In re: Fontainebleau Las Vegas Contract Litig.*, 657 F. Supp. 2d 1374, 1375 (J.P.M.L. 2009); *In re Le-Nature's, Inc., Commercial Litig.*, 609 F. Supp. 2d 1372, 1374 (J.P.M.L. 2009); *In re: Refco Sec. Litig.*, 530 F. Supp. 2d 1350, 1351 (J.P.M.L. 2007); *In re Adelphia Commc'ns Corp. Sec. & Derivative Litig. (No. II)*, 273 F. Supp. 2d 1353, 1355 (J.P.M.L. 2003).

Further solidifying the case for SDNY White Plains is the fact that discovery of AMCA will likely proceed in cooperation with the office of the New York Attorney General, which has taken a leadership role in a 12-state coalition investigating the Breach. And to the degree an MDL will implicate issues particular to individual Laboratory defendants, White Plains is an optimal location because five of the seven Laboratories are headquartered within the New York tri-state area, in close proximity to White Plains.[1]

White Plains is not just the logical venue for the litigants, it is the logical venue for the judiciary, as well. SDNY White Plains has only one pending MDL, before Judge Cathy Seibel, and that MDL has just one case remaining.[2] By contrast, the District of New Jersey currently has

---

[1] The second and third factors—where discovery has occurred and which cases have progressed the furthest—are neutral because no discovery has occurred in any of the cases. Nor has any defendant filed an Answer.

[2] *See* MDL Statistics Report – Distribution of Pending MDL Dockets by District, June 19, 2019, *available at*
https://www.jpml.uscourts.gov/sites/jpml/files/Pending_MDL_Dockets_By_District-June-19-2019.pdf.

15 pending MDLs, including seven within the Newark Division, where the New Jersey Related Actions are pending.[3]

Centralization would be improper in the District of New Jersey given that the District is currently laboring under the weight of a "severe judicial shortage."[4] Each of the District of New Jersey's six vacancies has been deemed a judicial emergency by the Administrative Office of the United States Courts.[5] New Jersey leads the nation's federal courts with the highest number of weighted filings per judge (903).[6] While SDNY has three judgeships classified as judicial emergencies, none of those judges sit in White Plains. Moreover, the weighted filings per judge in SDNY is 575—roughly half of the number for the District of New Jersey.

Eight of the nine pending cases in SDNY White Plains are before either Judge Vincent L. Briccetti or Judge Nelson S. Román, who is presiding over the first-filed action (*Worthey*). Judge Briccetti is a former Assistant United States Attorney and the recipient of the David S. Michaels Memorial Award for Courageous Efforts in Promoting Integrity of the Criminal Justice System. Judge Román is a former state court trial and appellate judge, a founding member of the Cervantes Society (a fraternal organization of Hispanic employees of the New York court system), and a past President of the Puerto Rican Bar Association. Both individuals are highly experienced, civic

---

[3] *Id.*
[4] Charles Toutant, *State's Federal Judge Shortage Deepens With Departure of Jose Linares*, New Jersey Law Journal (May 16, 2019), *available at* https://www.law.com/njlawjournal/2019/05/16/states-federal-judge-shortage-deepens-with-departure-of-jose-linares/.
[5] *See* Judicial Emergencies, *available at* https://www.uscourts.gov/judges-judgeships/judicial-vacancies/judicial-emergencies.
[6] "Weighted filings provide a more accurate estimate of judicial workload than simply counting filings." Judicial Conference Addresses Judgeship Needs Issues, *available at* https://www.uscourts.gov/news/2016/03/15/judicial-conference-addresses-judgeship-needs-issues.

minded, and capable jurists well familiar with class action litigation.[7] In sum, the relevant transfer factors heavily favor SDNY White Plains.

## III. CONCLUSION

For the foregoing reasons, Plaintiff Worthey respectfully requests that the Panel grant her Motion and transfer the Related Actions, plus any future tag-along actions, to the White Plains Division of the Southern District of New York, before either Judge Nelson S. Román or Judge Vincent L. Briccetti, for consolidated pretrial proceedings in accordance with 28 U.S.C. § 1407.

Respectfully submitted,

**AHDOOT & WOLFSON, PC**

Dated:  June 26, 2019

/s/ Tina Wolfson
Tina Wolfson
*twolfson@ahdootwolfson.com*
Brad King
*bking@ahdootwolfson.com*
Theodore W. Maya
*tmaya@ahdootwolfson.com*
**AHDOOT & WOLFSON, PC**
45 Main Street, Suite 528
Brooklyn, NY 11201
Tel: 917-336-0171; Fax: 917-336-0177

Russell Yankwitt
*russell@yankwitt.com*
Michael H. Reed
*michael@yankwitt.com*
**YANKWITT LLP**
140 Grand Street, Suite 705
White Plains, NY 10601
Tel: 914-686-1500; Fax: 914-487-5000

*Counsel for Plaintiff Worthey and the Putative Classes*

---

[7] Judge Román has maintained responsibility for multiple complex class actions. *See, e.g.*, *Goldemberg v. Johnson & Johnson Consumer Cos., Inc.*, No. 7:13-cv-3073 (S.D.N.Y.); *Lowell v. Lyft, Inc.*, 7:17-cv-6251 (S.D.N.Y.); *Brady v. Anker Innovations Ltd.*, 7:18-cv-11396 (S.D.N.Y.). Judge Briccetti has as well. *See, e.g.*, *In re Scotts EZ Seed Litig.*, No. 7:12-cv-4727 (S.D.N.Y.); *Mayhew v. KAS Direct, LLC*, No. 7:16-cv-6981 (S.D.N.Y.).