# BEFORE THE UNITED STATES JUDICIAL PANEL
# ON MULTIDISTRICT LITIGATION

---

IN RE AMERICAN MEDICAL COLLECTION : MDL Docket No. 2904
AGENCY DATA BREACH LITIGATION

---

## SUPPLEMENT TO RESPONSE BRIEF OF QUEST DIAGNOSTICS INCORPORATED REGARDING POST-HEARING DEVELOPMENTS

Quest Diagnostics Incorporated ("Quest") writes to apprise the Panel of an additional ground, which arose after oral argument before the Panel, favoring centralization before Judge Arleo of the District of New Jersey. Hours after the Panel's hearing in this MDL docket, a putative statewide class of New Jersey plaintiffs sued *only* Quest—a New Jersey citizen—in the Superior Court of New Jersey (Camden County, Law Division). *See* Compl. ¶¶ 20, 22, *Jacobson v. Quest Diagnostics Incorporated*, CAM-L-002997-19 (N.J. Superior Ct., Law Div. July 25, 2019) (complaint attached as Ex. A.); *id.* ¶¶ 35-42 (New Jersey statutory claim); *see generally* 28 U.S.C. § 1332(d)(2) (minimal diversity requirement for jurisdiction). As the leading treatise regarding practice before this Panel summarizes, the ability for coordination in the same federal district where state court litigation is pending "is potentially a very compelling factor in selection of a transferee district. If state court litigation is concentrated in a single state, the opportunity to coordinate state and federal proceedings should be a powerful force favoring that forum as a transferee district. The inability to coordinate federal cases and state cases in multiple states is recognized as a singular weakness in the Panel's authority." David F. Herr, *Multidistrict Litigation Manual* § 6:13.

Indeed, this Panel has repeatedly relied on this factor in deciding to centralize proceedings in the District of New Jersey. *E.g.*, *In re Johnson & Johnson Talcum Powder Prods. Mktg., Sales Pracs. & Prods. Liab. Litig.*, 220 F. Supp. 3d 1356, 1358-59 (D.N.J. 2016) (concluding that "[t]he pendency of the state court litigation . . . demonstrates the need for centralization of this litigation" and assigning litigation to the District of New Jersey given "state court actions pending in New Jersey and other jurisdictions on the East Coast"); *In re Benicar (Olmesartan) Prods. Liab. Litig.*, 96 F. Supp. 3d 1381, 1383 (J.P.M.L. 2015) ("Centralization in the District of New Jersey also likely will facilitate coordination with [related actions] in the Superior Court of New Jersey Law Division before Judge Nelson Johnson."). The Panel also has recognized the importance of such coordination in data breach actions. *In re Zappos.com, Inc., Customer Data Sec. Breach Litig.*, 867 F. Supp. 2d 1357, 1358 (J.P.M.L. 2012).

Accordingly, for this reason and all those it previously set forth, Quest respectfully reiterates its request that the litigation be centralized before Judge Arleo in the District of New Jersey.

July 29, 2019

Respectfully Submitted,

By: /s/ David H. Hoffman

David H. Hoffman
david.hoffman@sidley.com
Kathleen E. Garvey
kathleen.garvey@sidley.com
Sidley Austin LLP
One South Dearborn
Chicago, Illinois 60603
(312) 853-7000

Eamon P. Joyce
ejoyce@sidley.com
Pouneh Aravand
paravand@sidley.com
Sidley Austin LLP
787 Seventh Ave.
New York, NY 10019
(212) 839-5300

*Counsel for Quest Diagnostics Incorporated*